## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR396 |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD JAMES WILSON, | ) | ORDER |
| CHARLES V. GARCIA JR., JOSE L. | ) | |
| SANCHEZ JR., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Jose L. Sanchez, Jr.'s Motion for Bill of Particulars (filing 58). The motion will be denied.

### BACKGROUND

Sanchez, along with Donald Wilson and Charles Garcia, Jr., has been charged in a nine-count Superseding Indictment. Count I of the Superseding Indictment charges Defendants with Conspiracy, in violation of 18 U.S.C. § 371. Counts II through IX of the Superseding Indictment charge Defendants with Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. § 1343 and 2. As to Counts II through VII, Sanchez has been named as a defendant under theories that he either participated in those crimes as an aider or abettor, or under a *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) theory, which allows conspirators to be held criminally liable for substantive crimes committed by their co-conspirators in furtherance of the conspiracy. Sanchez has filed a motion for Bill of Particulars, seeking a statement of the factual basis on which the government alleges Sanchez committed the crimes stated in Counts II through VII of the Superseding Indictment.

### DISCUSSION

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or

customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). An indictment is legally sufficient "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001).

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." Id. (internal quotation marks omitted). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Id.

After a full review of the Superseding Indictment and other relevant materials, the Court concludes that a Bill of Particulars is not necessary. The twelve page "speaking" Superseding Indictment describes in extensive detail the charged conspiracy and contains specific actions taken by Sanchez and his co-defendants in furtherance of the alleged conspiracy. In particular, the Superseding Indictment charges that Sanchez was an employee and manager of the day-to-day operations of the business entity identified on invoices which were sent to ConAgra Foods, Inc., the alleged victim, for payment. The Superseding Indictment further alleges that Sanchez received payment from ConAgra for the purported fraudulent invoices and that these payments were deposited by Sanchez into bank accounts used by the defendants for their personal benefit. The Court finds that the Superseding Indictment fairly informs Sanchez of the charges against him, and alleges sufficient information to enable him "to understand the nature of the charges, prepare a defense, and avoid unfair surprise." United States v. Huggans, Nos. 09-3441/10-3384, 2011 WL 3611604, at *5 (8th Cir. Aug. 18, 2011). This is especially true given that the government has disclosed a significant amount of discovery materials, including reports, invoices, checks, emails and banking records related to each Count of the Superseding Indictment.

Accordingly,

**IT IS ORDERED** that Defendant Sanchez's Motion for Bill of Particulars (filing 58) is denied.

**DATED May 29, 2014.**

                                **BY THE COURT:**

                                **S/ F.A. Gossett**
                                **United States Magistrate Judge**

**NOTICE**

A party may object to a magistrate judge's order by filing a "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order in accordance with NECrimR 59.2.